## ANTROBUS *v.* WEST.

**Newly Discovered Evidence — Laches — Appeal.**
> A defendant being advised of the existence of evidence materially advantageous to him is guilty of gross *laches* if no effort is made to produce same, and it will not avail him on appeal from a reversal on the ground of newly-discovered evidence.

APPEAL FROM PENDLETON CIRCUIT COURT.

June 22, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The original action was brought in 1845 against the ancestor of appellants for the land; and in the bill, a somewhat particular description was given of it referring to it as the land purchased by West of Noe, and it cannot be rationally presumed that he was not apprised by the description thus given of the land sought to be recovered; and if there was any doubt or ambiguity on that point, it was the duty of Amos Antrobus to have the survey made for which there was an order.

But the bill was answered by Antrobus himself, and no complaint made by him of any uncertainty as to the identity of the land sought to be recovered from him. An amended petition was filed in October, 1861, suggesting his death, and asking a revivor

against his children and heirs who are now appellants; it may, therefore, be assumed that he lived some fifteen years after the commencement of the action, and fourteen years after he had filed his answer, during which time the action was pending against him, and in his answer he denied that West had any title, either legal or equitable, but claimed title thereto in himself under a purchase from Braun, and never during his life claimed to have bought it from West. The issue involved in the controversy was West's right to the land, and the bond now set up, if in existence, would have been effectual to defeat the action; to that point Antrobus' attention was especially directed; the presumption cannot be indulged that he was either ignorant of, or had forgotten, a fact so essential to his rights, and so effectual as a defense, and a failure to set up and rely upon the bond as a defense evidences the most inexcusable or culpable negligence. But that defense would have been in conflict with the one relied upon.

During the pendency of the former suit appellants could, by the exercise of reasonable diligence, have found and produced the bond now presented as newly-discovered evidence; it was in their possession; it is not even alleged that any examination was made by either of them to ascertain by what title they held the land, and from all that appears in their petition, the bond could have been produced as easily before the final judgment in the former suit as when it was produced; indeed, it may be assumed from the statements in the petition that appellants made no effort to find the bond or defend the former action until after judgment had been rendered against them.

We are of opinion that the appellants have wholly failed to state in their petition sufficient reasons to authorize a reinvestigation of the same matters first put in issue by the former suit, and the judgment must, therefore, be affirmed.